**STATE OF NEW YORK, Plaintiff,**

v.

**LUDLOW'S SANITARY LANDFILL, INC., et al., Defendants.**

**LUDLOW'S SANITARY LANDFILL, INC., et al., Third party Plaintiffs,**

v.

**UNITED AUTO SALES OF UTICA, INC.; Chesebrough–Pond's, Inc.; Special Metals Corp.; North Motor Equipment and Machinery Company, Inc.; and Utica Cutlery, Inc., Third party Defendants,**

**CONOPCO, INC. doing business as Chesebrough–Pond's USA Co., Fourth party Plaintiffs,**

v.

The **AETNA CASUALTY AND SURETY COMPANY; Kemper National Insurance Companies; American Motorists Company, a subsidiary of Kemper National Insurance Companies; Harbor Insurance Company; Allianz Insurance Company; Allstate Insurance Company, as Successor–In–Interest to Northbrook**

Property and Casualty Insurance Company; the Hartford Accident & Indemnity Company; St. Paul Fire and Marine Insurance Company; and Insurance Company of North America (CIGNA), Fourth party Defendants.

No. 86–CV–853.

United States District Court, N.D. New York.

Feb. 23, 1993.

Battle, Fowler Law Firm, New York City, for fourth party plaintiff, Chesebrough–Pond's; William McSherry, Jr., of counsel.

Mudge, Rose Law Firm, New York City, for fourth party defendant, CIGNA/INA; Gabriella Tussussov, of counsel.

MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

Chesebrough filed the instant fourth party action against its comprehensive general liability and excess insurance carriers seeking to recover amounts expended in its defense and settlement of the third party action. The facts underlying the cost recovery action and the third party action are familiar to all of the parties and have been outlined in the court's earlier decisions, therefore they need not be recounted once again.

The fourth party defendants provided Chesebrough with either comprehensive general liability primary or excess coverage during some or all of the period from 1970 to 1986. In summary judgment motions already decided by the court, the fourth party defendants argued that the policies in issue do not cover Chesebrough's environmental liability arising from the long term intentional discharge of pollutants at the Ludlow Landfill. These arguments were premised on the existence of "pollution exclusion" clauses in the relevant policies.

On October 23, 1992 the court heard argument on the motions for summary judgment. In an oral decision the court granted the motions of Aetna Casualty and Surety Company, American Motorists Company, Hartford Accident and Indemnity, Harbor Insurance, Allstate Insurance Company, and St. Paul Fire & Marine based on the pollution exclusion clauses contained in the relevant policies. Likewise, for the reasons stated from the bench the court granted the summary judgment motion filed by CIGNA, but only with respect to its policy number XCP 3895.

There was a dispute concerning the other CIGNA policy at issue, policy number XBC 43097. This policy is unique since it does not contain the typical pollution exclusion clause; at least the only copy before the court does not contain one. CIGNA does not concede that there was not such a clause in its policy. However, in its reply papers CIGNA argued that at the time the policy was issued New York State law required that all liability insurers include a pollution exclusion clause in their policies; and consequently even if the

clause was omitted, by virtue of the mandatory nature of the statute, it should be deemed to have included such a clause.

Because this issue was not sufficiently briefed at the time of oral argument, the court reserved decision on CIGNA's summary judgment motion insofar as it related to policy number XBC 43097, and ordered further briefing. The narrow issue remaining, therefore, is what effect, if any, did the relevant New York State law have on policy number XBC 43097. Any other arguments raised in the supplemental briefing which were not raised in the motion papers are not properly before the court at this time, and therefore will not be considered here.

Policy number XBC 43097 was in effect for the period between February 17, 1970 to January 1, 1973. Unlike some of the other policies involved in this action, this policy was a three year policy. From the evidence before the court, it appears that this policy did not contain a "pollution exclusion" clause. Two questions are presented here: first, does the statutory mandate referred to by CIGNA apply to the instant policy; and second, if it does apply should a policy omitting the exclusion should be deemed to include it. Because CIGNA is the moving party, it bears the burden of demonstrating that the answer to both of these questions is yes.

Chapter 765 of the Laws of 1971, which was later repealed in 1982, amended subdivisions (13) and (14) of § 46 of the Insurance Law of the State of New York to mandate the so-called "pollution exclusion" clause in all policies issued to commercial or industrial enterprises. Section 3 of that Chapter provided that:

> This act shall take effect on the first day of September next succeeding the date on which it shall have become law and shall be applicable to policies **issued or renewed thereafter.** [emphasis added]. Chap. 765, Laws of New York, 1971.

Chapter 765 was approved on June 25, 1971, and consequently was effective September 1, 1971. Therefore, as a matter of law the statutory mandate cannot apply to the instant policy unless it was issued or renewed after September 1, 1971.

There is no dispute that policy number XBC 43097 was issued on February 17, 1970, before the effective date of Chapter 765; and there is no evidence before the court that the policy was *renewed* during its three year period. Consequently, from the evidence presented, the court cannot find that the statutory mandate applied to policy number XBC 43097. Therefore, that policy cannot be deemed, by virtue of Chapter 765 to have included a "pollution exclusion" clause.

The case cited by CIGNA for the proposition that a policy omitting the pollution exclusion should be deemed to include it, *Hartford Accident and Indemnity Co. v. Chenango Industries, Inc.*, No. 90–1462 (N.Y.Sup.Ct., Broome County 1991), is inapposite here because the policies involved in that case were either issued or renewed after the effective date of Chapter 765. Furthermore, because the court finds that the instant policy is not covered by the statutory mandate, the court need not decide whether policies omitting the clause should be deemed to include it.

Whether the instant policy contained a pollution exclusion clause is certainly a material fact going to CIGNA's liability in the fourth-party action; and there are certainly genuine issue remaining on that fact. As noted above, any issues raised by CIGNA in its supplemental brief beyond the issue on which the court requested briefing are not properly presented here, and therefore will not be addressed at this time. Therefore, because CIGNA has not met its burden on summary judgment, its motion dated August 11, 1992 is hereby denied.

IT IS SO ORDERED.